UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED
JAN 0 9 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| UNITED STATES OF AMERICA, | No. 03-30475 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00088-RRB |
| V. | |
| KENNETH S. ALEXANDER, | **JUDGMENT** |
| Defendant - Appellant. | |

Appeal from the United States District Court for the District of Alaska (Anchorage).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Alaska (Anchorage) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 12/12/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JAN 0 4 2006
by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**DEC 12 2005**

**CATHY A. CATTERSON, CLERK**
**U.S. COURT OF APPEALS**

| UNITED STATES OF AMERICA, | No. 03-30475 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00088-RRB |
| v. | |
| KENNETH S. ALEXANDER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted April 5, 2005
Seattle, Washington

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

1.   Kenneth S. Alexander's argument that the district court failed to rule on his motion to suppress is foreclosed by the fact that the district court in fact denied the motion to suppress.[1]

---

   *   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

   [1] We thank counsel for alerting the court to the existence of an untranscribed recording of the district court's ruling.

2.  The district court properly denied Alexander's motions to subpoena the state court judge who issued the search warrant and a forensic document examiner. Alexander failed to demonstrate "the necessity of the . . . presence [of these witnesses] for an adequate defense." Fed. R. Crim. P. 17(b). The denial of Alexander's request to subpoena the state court judge did not violate his right to compulsory process. *See Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 952 (9th Cir. 1998) (observing "that the Sixth Amendment's guarantee of compulsory process only is violated when the criminal defendant is arbitrarily deprived of testimony that would have been relevant and material, and vital to the defense.") (citation, internal quotation marks and alterations omitted).

3.  Alexander did not meet his burden of showing that material impeachment evidence was withheld from him. *See United States v. Si*, 343 F.3d 1116, 1122 (9th Cir. 2003) (holding that "[a] defendant has the burden of showing that withheld evidence is material" to prove a *Brady* violation.) (citation omitted). Additionally, Alexander failed to demonstrate "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (citation omitted). As a result, no violation of *Brady v. Maryland*, 373 U.S. 83 (1963) occurred.

4.  Alexander did not properly object to being tried in jail attire, and did not establish before the district court that his jail clothing would be identifiable as such. He therefore forfeited the right to claim compulsion. *See United States v. Rogers*, 769 F.2d 1418, 1421-22 (9th Cir. 1985). Regardless, any error on the part of the district court was harmless beyond a reasonable doubt, given that Alexander informed the jury during his opening statement that he was in custody. *See Bentley v. Crist*, 469 F.2d 854, 856 (9th Cir. 1972); *see also Duckett v. Godinez*, 67 F.3d 734, 747 (9th Cir. 1995).

5.  Because the district court enhanced Alexander's sentence on the basis of judicial factfinding, and we cannot reliably determine from the record whether the sentence would have been materially different had the district court known that the Guidelines were advisory, a limited remand is appropriate. *See United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).[2]

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 0 4 2006

by: _____
Deputy Clerk

---

[2] Alexander's Motion For Remand For *Booker* Resentencing filed April 4, 2005, is denied as moot.