

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | A03-0088-02-CR (RRB) |
| ) | |
| Plaintiff, ) | Court of Appeals Case |
| ) | No. 03-30475 |
| vs. ) | |
| ) | **BRIEF Pursuant to:** |
| ) | |
| KENNETH S. ALEXANDER, ) | Ninth Circuit Court of |
| ) | Appeals Order for |
| ) | Limited Remand |
| Defendant. ) | |

COMES NOW, Kenneth S. Alexander, Pro Per Defendant by and on his behalf, without assistance of counsel.

I

This brief is submitted in response to Ninth Circuit Appeals Court Order to this Court for a "Limited Remand" pursuant to Appellate Court's inability to "Reliably determine from the record whether the sentence would have been materially different had the district court known that the Guidelines were advisory, a limited remand is appropriate. *United States v. Ameline* 409 F.3d, 1084-85 (9th Cir.2005)(en banc)[1]."

---

[1] 9th Cir. Unpublished Opinion - Alexander's motion for Remand for *Booker* Resentencing filed April 4, 2005, was denied a moot pending *Ameline* decision.

The Limited Remand was granted based on judicial fact-finding of this Court - violating Defendant's substantial Fifth and Sixth Amendment rights with respect to imprisonment term.

This is a request for Just indemnificatory relief - dismiss order of restitution, and dismiss term of supervised release, if determined that the sentence violates substantial rights of Defendants Fifth and Sixth Amendment and misapplication of the *Advisory Guidelines*.

## II

On or about April 13, 2003, Defendant Alexander was indicted on one count of bank fraud conspiracy along with 4 other defendants. All the defendants, except Alexander, plea guilty as charged and became co-operating witnesses for the Government. Alexander plead not guilty and proceeded to trial.

On or about August 1, 2003 a jury found Alexander guilty of one count of bank fraud conspiracy.

On October 10, 2003 Alexander was sentence to 40 months incarceration, 3 years supervised release and restitution in the amount of $65,452.57 coupled with 'special conditions of supervised release.'[2]

---

[2] 1. Drug testing in accordance with Violate Crime and Law Enforcement Control Act…;

The sentence was based on U.S. Probation's PSR enhancement recommendations. Enhancements were further aggravated by special findings of alleged amount of loss, outstanding State warrants and testimonial admissions, by co-defendants, of drug/alcohol abuse and addition. This Court adopted PSR recommendations upon deciding that facts supported finding in the PSR and was in compliance with *the Advisory Guidelines*.

On April 5, 2005, The Ninth Circuit held oral arguments per Alexander's appeal of his conviction. Among issues raised in the appellant brief were the sentence - based on *Booker / Ameline* decision for judicial fact finding by this Court.

On December 12, 2005 the Court affirmed said conviction, but ordered a remand based on judicial fact finding.

On March 6, 2006 Defendant Alexander satisfactorily completed a 40-month term of imprisonment, with good time credit, as ordered by this Court.

The *Advisory Guidelines* have no bearing on the Fifth and Sixth Amendments - are absolute and prevail over enactment's contrary to its provisions.

---

    2. Warrantless Searches…; and
    3. Disclosure of financial information…

### III

As confirmed by the U.S. Supreme Court, and acknowledged by the lower courts, it is for the jury to determine the facts as required in the Fifth and Sixth Amendments of the U.S. Constitution.

Furthermore, recommended enhancements of the *Advisory Guidelines* (to apply) are conditioned on certain aggravating factors that must be proven for sentencing considerations.

### III

This Court's sentence enhancements for amount of loss, testimony of drug and alcohol abuse and outstanding State warrant(s) were not proved beyond a reasonable doubt and were not determined by the jury. In fact, with the exception of mere disclosure of inquiries, in the PSR, of an outstanding warrant in State of California, substantial proof Defendant Alexander was wanted was never substantiated nor brought before the jury for determination. Yet, this Court adopted a 3-point enhancement recommendation provided in the *Advisory Guidelines*.

Defendant Alexander was never afforded opportunity to defend against alleged testimony, by co-defendants that he abused cocaine, amount of victims loss or existence of an

outstanding State warrant. Had this Court allowed the jury to decide factors that grossly enhanced this Defendant's sentence, or even verified the accuracy of findings in the PSR, the sentence would have been substantially different.

The sentence hearing of 10/10/2003 did not afford this Defendant fair or ample opportunity to contest allegations that enhanced his sentence. Defendant did object to the allegations, however, inferring investigation to validate or disallow consideration, to no avail. Instead, Defendant was sentenced to 40-months incarceration.

## IV

Since the 40-month term of imprisonment has already been successfully completed and cannot be reversed, it is fair and indemnificatory that the excess portion of imprisonment be recognized by dismissal of further supervised release. Thus, it is requested that this Court recall and dismiss order of restitution.

Finally, requests herein are not unreasonable – are in compliance with efforts toward the ends of justice and fairness. The 40-months sentence, restitution and special conditions of supervised release were misapplied to the Advisory Guidelines and in violation of *Defendants Fifth and Sixth Amendment* Constitutional rights.

In the alternative, it is requested this Court allow Defendant to present his case before a jury of his peers to argue restitution and State warrant issues as well as drug abuse allegations that enhanced of his sentence.

Dated: July 5, 2006

_____
Kenneth Alexander
Pro Per Defendant
3901 Taft Drive, #D-10
Anchorage, AK 99517
907-868-2936 (Home)
907-727-6914 (Cell)

### Affidavit

I, Kenneth Alexander, certify that I am the Pro Per Defendant herein, I have read the forgoing Brief Pursuant to Ninth Circuit's Order of Limited Remand, and believe the same to be true and correct to the best of my knowledge and belief.

Executed this 5th day of July, 2006, in the District of Alaska, City of Anchorage.

_____
Kenneth Alexander

## Proof of Service

I, Kenneth Alexander, declare under penalty of perjury that I caused a true and correct of copy of the forgoing Brief Pursuant to Ninth Circuit's Order for Limited Remand, to be served upon & addressed to: Crandon Randell, AUSA, at 222 W 7th Avenue, Anchorage, Alaska 99513, by placing the same in the U.S. mail with proper postage prepaid this 5th Day of July, 2006.

*[signature]*
Kenneth Alexander
Declarant