NELSON P. COHEN
United States Attorney

CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone (907) 271-5071
Fax: (907) 271-1500
email: crandon.randell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH S. ALEXANDER,<br><br>　　　　　Defendant. | No. 3:03-cr-0088-RRB<br><br>**GOVERNMENT'S RESPONSE TO BRIEF PURSUANT TO: NINTH CIRCUIT COURT OF APPEALS ORDER FOR LIMITED REMAND** |

COMES NOW Plaintiff United States of America, by and through counsel, and hereby submits this response to defendant's "Brief Pursuant to: Ninth Circuit of Appeals Order for Limited Remand."

Background

On August 1, 2003, Kenneth Alexander was convicted by a federal jury of Conspiracy, a violation of 18 U.S.C. § 371, with regard to his activities in the printing and passing of counterfeit checks. PSR, ¶¶ 11, 20.  The Guideline range for Alexander, at a total offense level of 18, and a criminal history category of III, was 33 – 41 months.  The court, on October 10, 2003, sentenced Alexander to 40 months in prison, and ordered restitution in the amount of $65,452.57, "coupled with 'special conditions of supervised release'." Alexander Brief, pg. 2.  These special conditions included drug testing, warrantless searches, and disclosure of financial information. *Id*.  The government concurs with Alexander's conclusions regarding the sentence imposed.

Alexander appealed his sentence and conviction. On December 12, 2005, the Ninth Circuit Court of Appeals filed a Memorandum decision affirming the conviction, but remanded the case for the limited purpose of having the sentencing court determine "whether the sentence would have been materially different had the district court known that the guidelines were advisory . . . ."  The Limited Remand was based upon the appellate court conclusion that Alexander's sentence was "enhanced" on the "basis of judicial fact finding." Memorandum decision, pg.

3. *See* <u>United States v. Ameline</u>, 409 F.3d 1073, 1084-85 (9th Cir. 2005)(en banc).

## Discussion

Alexander requests two things, which is all that remains of his sentence: (1) dismissal of the order of restitution, and (2) dismissal of the term of supervised release. Alexander Brief, pgs. 2 & 5.  This request is based upon Alexander's contention that his sentence of 40 months was excessive.  This contention, however, is not based upon alleged facts, or errors, that can be countered, addressed, or explained.  The pleading is bereft of <u>any</u> indication of where the "judicial fact finding" went awry.

What Alexander does, and all he does, is complain that had the court "allowed the jury to decide factors that grossly enhanced [his] sentence, or even verified the accuracy of findings in the PSR, the sentence would have been substantially different." Alexander Brief, pg. 5. What factors . . . which findings? How would the sentence be different?  What would make it different?  We are clueless.

The fact is that Alexander received a copy of the Presentence Report, and could have, at the time of imposition of sentence, raised objections and demanded verification. He did not.

The court, pursuant to 18 U.S.C. § 3663A and 3664, was required to order that the "defendant make restitution to the victim of the offense . . ." Alexander did not, at the time of imposition of sentence, or on appeal, or <u>now</u>, claim that the victims of his fraudulent scheme were not entitled to restitution, or that the amount ordered was excessive, or inaccurate.

The court, pursuant to 18 U.S.C. § 3583(b)(2), was authorized to impose up to three years of supervised release. Alexander did not, at the time of imposition of sentence, or on appeal, <u>or now</u>, claim that supervised release, or the period of supervised release was, for him, inappropriate.[1]

In short, Alexander has presented nothing for this court to work with, and nothing for the court to consider on his behalf. The court can only conclude that the original sentence was appropriate, and that any new sentence would certainly not be "materially different."

---

[1] On June 14, 2006, the court did grant a temporary stay of the Probation Office's requirements for Alexander to provide a DNA sample and to pay 10% of his disability payments toward restitution "pending the Court's decision on remand."

U.S. v. Alexander
No. 3:03-cr-0088-RRB                     4

RESPECTFULLY SUBMITTED this 30th day of August, 2006, at Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/ Crandon Randell
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 West Seventh Avenue, #9, Room 253
> Anchorage, Alaska  99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: crandon.randell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2006,
a copy of the foregoing was served by USPS:

Kenneth Alexander
3901 Taft Drive #D-10
Anchorage, AK 99517

s/ Crandon Randell