# United States District Court
### for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender:   Kenneth S. Alexander                                        Case Number: A03CR0088

Sentencing Judicial Officer:      Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:        October 10, 2003

Original Offense:                 Conspiracy, 18 USC 371

Original Sentence:                40 months custody and 3 years supervised release; drug treatment and testing; search/seizure; full financial disclosure; $65,552.57 restitution

Date Supervision Commenced:       March 6, 2006

Asst. U.S. Attorney: Crandon Randell                          Defense Attorney: Pro Se

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Issue Number | Nature of Issue |
|---|---|
| 1 | The defendant has violated a mandatory condition of supervised release, "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant submitted to urinalysis testing which proved positive for cocaine on July 10, 2006. This violation is a Grade C violation. |
| 2 | The defendant has violated a mandatory condition of supervised release, "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant submitted to urinalysis testing which proved positive for cocaine on July 11, 2006. This violation is a Grade C violation. |
| 3 | The defendant has violated the special condition of supervision, "The defendant shall pay $65,552.57 restitution at a rate of 10% of his gross monthly income or $25, whichever is greater", in that the defendant has failed to submit any restitution payments and has articulated his unwillingness to do so. |
| 4 | The defendant has violated the standard condition of supervision,"The defendant shall follow the instructions of the probation officer," in that the defendant refuses to submit to DNA collection pursuant to Public Law 108-405, revised DNA Collection Requirements Under the Justice for All Act of 2004, sections 203(b) and (c). |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

   [X]   Revoked
   [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

*Petition for Warrant or Summons*
*Name of Offender  :  Kenneth Alexander*
*Case Number       :  A03CR0088*

Respectfully submitted,

**REDACTED SIGNATURE**

Michael Pentangelo
Senior U.S. Probation Officer
Date: September 13, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X] ~~The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.~~

[X] The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] Other:

**REDACTED SIGNATURE**

Ralph R. Beistline
U.S. District Court Judge

9/14/06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: A03CR0088 |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| Kenneth S. Alexander | ) | |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Kenneth S. Alexander, and in that capacity declare as follows:

The defendant was sentenced on October 10, 2003 to 40 months custody and 3 years supervised release with special conditions subsequent to a conviction for Conspiracy, in violation of 18 USC 371.

The defendant commenced supervised release on March 6, 2006.

The defendant reported to the Probation Office on March 8, 2006. At this meeting, the defendant declined to formally acknowledge by signature his conditions of supervision as annotated in the Judgement imposed by the Court. Moreover, the defendant declined to waive his right to a hearing to modify his conditions of supervision to address compliance with the drug testing requirement as per USA v. Stephens, which now requires the Court to specify a maximum number of drug tests that the defendant can be exposed to.

The probation officer assigned to the case and Supervising U.S. Probation Officer and confirmed the defendant's reluctance to sign any waivers on his right to a hearing. Moreover, the defendant stated that he acknowledges what his legal obligations are yet he will determine when his rights are violated by the probation officer and at that time he will address the matter via litigation.

On May 11, 2006, a status conference was held before the Court to address the defendant's compliance with drug testing as per USA v. Stephens and payment of the restitution obligation as per USA v. Gunning. Ultimately, the Court modified the defendant's conditions of supervision to conform to USA v. Stephens, specifying that the defendant must submit to drug testing at a maximum of 12 tests per month; and conforming with USA v. Gunning in establishing a payment schedule requiring the defendant to make restitution in the amount of

10% of his gross monthly income, or $25 whichever is greater.

On or about May 23, 2006, the defendant filed a motion requesting a stay of the requirement to submit to DNA collection and to pay restitution as per the schedule determined by the Court as so ordered on May 11, 2006. The stay was granted and the defendant was ordered to file his brief no later then July 11, 2006.

The defendant submitted his brief on July 5, 2006. The Government submitted it's response on August 30, 2006.

On July 10, 2006, the defendant submitted to urinalysis testing which proved positive for cocaine.

On July 11, 2006, the defendant submitted to urinalysis testing which proved positive for cocaine.

On August 31, 2006, the Court affirmed the defendant's sentence.

On September 13, 2006, the probation officer met with the defendant at the U.S. Probation Office and requested that he submit to DNA collection. The defendant refused to submit to DNA collection procedures as required by the Federal Bureau of Investigation (FBI), the agency who maintains the DNA database. The FBI requires that the DNA be obtained from blood samples. The defendant refused to comply with these procedures as required.

Moreover, the defendant articulated that he would not be comply with the restitution obligation despite being gainfully employed at Nye Frontier Toyota earning approximately $1600 per month. The defendant stated that his expenses exceed his income, although he has not provided proof of income or expenses. He merely suggested that he is working with a friend of his who is reportedly a Certified Public Accountant, on preparing a budget.

Executed this 13th day of September, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

---

Michael Pentangelo
Senior U.S. Probation Officer